[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-14178

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 17, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-00014-CR-T-27-MAP

UNITED STATES OF AMERICA,

                                                                    Plaintiff-Appellee,

versus

KARIM MOUSSAOUI,

                                                                    Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 17, 2010)

Before EDMONDSON and MARCUS, Circuit Judges, and BARBOUR,* District
Judge.

PER CURIAM:

_____

*Honorable William Henry Barbour, Jr., United States District Judge for the Southern
District of Mississippi, sitting by designation.

Karim Moussaoui appeals his conviction for possessing a firearm while in the United States on a nonimmigrant visa in violation of 18 U.S.C. §922(g)(5)(B). The facts established at trial show that Moussaoui had a rifle in his possession for some minutes at a shooting range.

Briefly stated, the appeal presents these issues: whether the district court erred by refusing to give a jury instruction on the defense of innocent transitory possession; whether the district court erred by failing to sua sponte grant a new trial based on alleged prosecutorial misconduct at trial, post-trial bond hearings, and sentencing; whether the district court erred in denying a motion for judgment of acquittal based on conjunctive language in the indictment; whether the district court erred in imposing sentence. None of these issues are a foundation for reversible error; we affirm.

About the supposed innocent transitory possession defense, Moussaoui requested the following jury instruction appearing in the opinion in United States v. Herron, 432 F.3d 1127, 1135 (10th Cir. 2005):

> It is a defense to the charge of unlawful possession of a firearm that the defendant's possession of the firearm constituted innocent possession.
>
> Possession of a firearm constitutes innocent possession where:
>
> 1. The firearm was obtained innocently and held with no illicit purpose; and

2

2. Possession of the firearm was transitory, i.e., in light of the circumstances presented there is a good basis to find that the defendant took adequate measures to rid himself of possession of the firearm as promptly as reasonably possible.

If you find that the defendant possessed a firearm specified in Count 1 and that possession constituted innocent possession, you should find the defendant not guilty.

The Tenth Circuit in Herron did not actually decide about the legal validity of the defense or the instruction. Instead, the Tenth just discussed the instruction, which had been given by the district court, as background to the appeals court's decisions on a claim of prosecutorial misconduct during closing argument. Id. at 1135-37. The only circuit that appears to have decided to accept the defense is the D.C. Circuit, United States v. Mason, 233 F.3d 619, 622-25 (D.C. Cir. 2000), whose formulation of the defense appears to be the basis of the instruction set out in the Herron opinion. We decline to decide whether such a defense exists in the law. See United States v. Palma, 511 F.3d 1311, 1316 (11th Cir. 2008) (declining to decide the same issue). Even if the defense may possibly exist in some circumstances, it was not supported by the evidence in this case. See Mason, 233 F.3d at 624 ("When these requirements are met, possession is excused and justified as stemming from an affirmative effort to aid and enhance social policy underlying law enforcement." (internal quotation marks omitted)).

AFFIRMED.

3